ANTONIO HERNÁNDEZ RODRÍGUEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, ANGEL M. UMPIERRE, JUDGE, Respondent; CONCEPCIÓN RIVERA RODRÍGUEZ ET AL., Interveners.

No. 2823. Decided January 18, 1963.

F. *Gallardo Díaz* for petitioner. *J. T. Peñagaricano, Jr.*, and *Ramón Lloveras Otero* for interveners.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

In order to recover the judgment rendered in 1954 by the Superior Court, San Juan Part, in an action for dam-

ages, civil case CS-61-1553, Concepción Rivera Rodríguez and his minor children filed a complaint against judgment debtors Alberto Rivera Hernández and Antonio Hernández Rodríguez.[1] Jointly with the complaint, plaintiff filed a motion entitled "execution of judgment" alleging that plaintiff was interested "in executing the said judgment" on the personal properties of defendants, and if they were not sufficient, on the real properties owned by them, and to that end he moved for an order directing the clerk to issue the corresponding writs to the marshal—"in order that that officer *may attach* the personal properties" of defendants-debtors—and to the registrar of property where the real properties are recorded. The trial court complied forthwith on February 17, 1961, and ordered the clerk to issue a writ of "execution of judgment" to the marshal "to carry out, *attach, and execute* the judgment" as requested by plaintiff.

The writ required the marshal "to procure payment of the sums due in accordance with the said judgment." In compliance therewith, on February 21, 1961 that officer proceeded *to attach* as property of defendant Antonio Hernández all the equipment, furniture, merchandise, money in cash, and other goods found in a business situated in Bayamón known as "Jury Club", and to turn them over to the depositary designated in the writ. He also attached the sum of $4,020.25 which was deposited in the current account in the name of the said defendant in the Bayamón Branch of the Chase Manhattan Bank, issuing to that effect a check to the order of the marshal.

Two days later defendant Hernández filed a motion seeking the annulment of the order of February 21, of the writ issued thereunder, and of the attachment carried out, alleging that the order of execution was improper because judgment

---

[1] Rule 51.1 of the Rules of Civil Procedure of 1958; *cf.* §§ 239 and 243 of the Code of Civil Procedure, 32 L.P.R.A. §§ 1121 and 1125; *Padilla* v. *Vidal*, 71 P.R.R. 483 (1950); *Valiente* v. *Buxó*, 68 P.R.R. 123 (1948).

had not yet been rendered in the action. Without holding a hearing [2] the trial judge granted the motion, setting aside all actions taken and directing that any execution proceeding carried out by the marshal be annulled. It was so done and on the same date the attached properties were returned to defendant.

On February 24 plaintiff filed a motion to secure the effectiveness of judgment. Three days later he moved to set aside the order of February 23 and, consequently, that the properties be returned to the marshal. He further requested that defendant be summoned in order to testify under oath as to the properties owned by him and the place where they were situated, pursuant to the provisions of Rule 51.4 of the Rules of Civil Procedure.

The corresponding hearing having been held before another magistrate, an order was issued (a) setting aside the order dissolving the attachment; (b) ordering the restitution to the depositary of the properties attached until further disposition by the court; and (c) setting the date for defendant to appear to testify as to his properties. In order to review this order we issued a writ of certiorari.

From the original record sent up by the clerk of the trial court it appears that, a writ having been issued on March 17 pursuant to the order on effectiveness of judgment entered on February 24, the same business which had been originally attached, now known by the name of "Panel Club," was attached. As a result of this attachment a third-party claim has been filed by persons who allegedly acquired the properties from defendant Hernández.[3] This being so, pro-

---

[2] Independently of the result reached in this case, it is advisable to appraise the trial judges that it is not the best practice to set aside an order of the nature of that involved herein without first hearing the party in whose favor it was issued. *Cf. Commonwealth* v. *Superior Court,* 86 P.R.R. 656 (1962); *Martínez* v. *Superior Court,* 83 P.R.R. 345 (1961).

[3] The valuation of the properties made by the marshal for the purposes of the third-party claim having been challenged, the court fixed their value at $10,000 and by order of April 11, 1961 it required a bond for that

nouncements (a) and (b) of the order object of review are academic. This fact is corroborated by the assertion of plaintiff, intervener herein, that defendant concealed or disposed of the properties which were delivered to him when the original attachment was dissolved.[4]

However, the court erred as to the pronouncement ordering the appearance of defendant to testify on his properties, since such action is proper as an incident for the execution and judgment has not as yet been rendered in the action within which the order was issued.[5] *Cf.* § 269 of the Code of Civil Procedure, 32 L.P.R.A. § 1211; *De Jesús* v. *Caribbean Trucking Co.*, 70 P.R.R. 527 (1949).

The order issued by the Superior Court, San Juan Part, on March 6, 1961 will be set aside as to the pronouncement ordering that defendant Antonio Hernández Rodríguez be summoned to appear for the purpose of testifying as to his properties.

---

sum in order to authorize the annulment of the attachment. The bond to be given by the third-party claimant is for a sum equal to twice the value of the property so claimed. Section 2 of the Act of March 14, 1907, as amended by Act No. 31 of April 27, 1937, 32 L.P.R.A. § 1172.

[4] The second paragraph of § 1249 of the Civil Code, 31 L.P.R.A. § 3498, provides that "Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, *or a writ of seizure of property has been issued,* shall also be presumed fraudulent." On the sale by lots or in bulk of the whole or a part of a stock of merchandise, see, also, Act No. 60 of April 27, 1931, 10 L.P.R.A. § 61.

[5] Rule 51.4 of 1958 provides in its pertinent part that "In aid of the judgment or execution, the judgment creditor or his successor in interest may examine any person, including the judgment debtor, in the manner provided in these rules for the taking of depositions."